UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:20-CV-31

JOSEPH EARL CLARK, II,              )
    Plaintiff,              )
                             )
          v.              )
                             )
CAPTAIN KAREN HENDERSON,              )
et al.,              )
    Defendant.              )
_____)

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction [Doc. #3]. In the Motion, Plaintiff asks the Court to require the North Carolina Department of Public Safety and its officials to provide "specialized housing for known, validated, and active members of known, heavily populated, and violent gangs" in order to isolate gang members from non-gang-related offenders. Plaintiff also seeks to be housed in the general offender population "free of these above-mentioned gangs." In support of this request, Plaintiff contends that he has been stabbed and assaulted by gang members, and that he is at risk of further attack if he is not isolated from all gang members.

In his Amended Complaint, Plaintiff seeks similar permanent injunctive relief and also asserts a claim for damages based on a past assault by gang members that Plaintiff contends was the result of deliberate indifference by prison officials. Defendants are in the process of being served, and Answers are due July 20.

Plaintiff recently filed a Motion for Appointment of Counsel for Discovery and Preliminary Injunction [Doc. #22] and a Motion for Appointment of Counsel for assistance with service of process [Doc. #23]. As to these requests, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out the basis for his claims in detail and does not lack the capacity to present those claims. In addition, the Court has considered the claims presented and concludes that this case does not present the type of "exceptional circumstances" that

would warrant appointment of counsel. In the circumstances, the Court concludes that there is no basis to appoint counsel in this matter at this time. To the extent Plaintiff seeks appointment of counsel for assistance with service, the Court can address any service of process issues, and it is unnecessary to appoint counsel to assist in that regard at this time. To the extent Plaintiff seeks appointment of counsel for assistance with discovery, discovery has not yet commenced, and there is no basis to conclude at this time that the assistance of counsel would be warranted. If a hearing is necessary or the need for appointment of counsel becomes apparent later in the case, the Court will consider appointment of counsel at that time. Finally, to the extent Plaintiff seeks appointment of counsel with regard to his request for a preliminary injunction, the Court has reviewed Plaintiff's request for preliminary injunction as set out below, and the Court concludes that appointment of counsel is not necessary or appropriate with respect to that motion.

"Preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (internal citation omitted); see also Munaf v. Geren, 553 U.S. 674, 689 (2008) (noting that a preliminary injunction is an "extraordinary and drastic remedy"). To obtain a preliminary injunction, a party must show that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm if the injunctive relief is denied, (3) the balance of equities tips in his favor, and (4) injunctive relief would be in the public interest. Winter v. Nat. Res. Def.

Council, Inc., 555 U.S. 7, 20 (2008); see also United States v. South Carolina, 720 F.3d 518, 533 (4th Cir. 2013).

Here, Plaintiff does not seek to preserve the status quo, nor does he seek specific protections for himself, such as an order that would keep him in protective custody. Instead, Plaintiff asks this Court to impose, as preliminary relief, far-reaching changes to North Carolina Department of Public Safety policies for housing and managing inmates. Plaintiff has not shown a likelihood of success on this requested relief, and the scope and burden of the requested relief would be extraordinary and tips the equities decidedly in Defendants' favor. Plaintiff contends that he will suffer irreparable harm absent the injunction, but again, he does not seek simply a protective order to prevent him from being housed in the general population in light of the past assaults by other inmates, and there is no basis to conclude that the extraordinary relief he requests would be the only way to prevent potential future harm. Finally, it is decidedly not in the public interest for this Court to assume management of the state prison policies for housing inmates. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) ("In sum, sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. This is true where conditions at the prison have been adjudged unconstitutional following trial on the merits. It is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made.").

Therefore, the Court will recommend that the Motion for Preliminary Injunction be denied.   Plaintiff's claims can be further examined on the merits after Defendants have answered and the case proceeds.

IT IS THEREFORE ORDERED that the Motions for Appointment of Counsel [Doc. #22, #23] are denied at this time.

IT IS RECOMMENDED that the Motion for Preliminary Injunction [Doc. #3] be denied.

This the 12th day of July, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge