UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSEPH EARL CLARK, II | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:20CV31<br>) |
| CAPTAIN KAREN HENDERSON, et al., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion to Set Aside Entry of Default [Doc. #45] by Defendants Shawn Brit, Charles Chavis, Angela Dellaripa, Sheryl Hatcher, Karen Henderson, Kenneth Lassiter, and Dean Locklear, and a Motion for Default Judgment [Doc. #47] by Plaintiff Joseph Clark. For the reasons set out below, Defendants' Motion to Set Aside Default should be granted, and Plaintiff's Motion for Default Judgment should be denied. In addition, since all Defendants have now answered, the case is ready to proceed with discovery, so the Court will set a four-month discovery schedule commencing with entry of this Order.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. On February 7, 2022, the District Judge entered an Order adopting a Recommendation and denying a prior Motion to Dismiss, and allowed Defendants fourteen days – until February 21, 2022 - to file their

1

Answer. On March 16, 2022, the Clerk entered default against Defendants Britt, Chavis, Dellaripa, Hatcher, Henderson, Lassiter, and Locklear pursuant to Rule 55 of the Federal Rules of Civil Procedure for failing to file an Answer within the time required. (Entry of Default [Doc. #42].) The next day, on March 17, 2022, Defendants filed their Answer [Doc. #44] and also filed their Motion to Set Aside Default [Doc. #45].

Pursuant to the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This "good cause" standard is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987). In determining whether "good cause" has been shown, the Court must consider (1) whether the moving party has a meritorious defense, (2) whether it acted with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the non-moving party, (5) whether there is a history of dilatory action, and (6) the availability of less drastic sanctions. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

In evaluating these factors, the Court first considers whether the defendant has raised a meritorious defense. In this case, there may be issues regarding whether Plaintiff has exhausted his administrative remedies, although Defendants would need to further address those issues at summary judgment in light of the Court's observations in the prior Recommendation. Even more importantly, this case involves multiple issues regarding the conditions at a North Carolina Department of Corrections facility, including two assaults on

Plaintiff by other inmates; in the now-filed Answer, Defendants assert that the alleged facts are not sufficient to support a finding that these Defendants violated Plaintiff's constitutional rights, and Defendants also raise a defense of qualified immunity. All of these issues would need to be considered and addressed on the merits. Therefore, this factor favors setting aside the entry of default so that the claims can be considered on the merits.

The second factor to consider is whether Defendant acted with reasonable promptness. Here, Defendants acted with reasonable promptness to set aside the entry of default by so moving 1 day after the entry of default, and the Answer was filed less than 30 days after the original deadline. Therefore, this factor also favors setting aside the entry of default.

The third factor to consider is whether Defendants were personally responsible for the default. Based upon the information in the Motion, it appears that the failure to timely answer was based on understaffing and clerical errors at the North Carolina Department of Justice Public Safety Section.[1] The failure to meet deadlines of this Court certainly raises concerns. However, counsel notes specific steps being taken to address the issue, and importantly for the present Motion, it appears that the Defendants should not be held personally responsible for the default. Therefore, this factor weighs in favor of setting aside the default.

The fourth factor to consider is whether Plaintiff will be prejudiced by setting aside the default. To the extent Plaintiff generally raises concerns regarding delay, the Court finds that the specific delay at issue here was not egregious, given that the Answer was ultimately filed

---

[1] The Court notes that in the future, such representations should be submitted by affidavit, not simply assertions in a motion.

less than 30 days after it was due, and given the speed with which Defendants acted to set aside the default. This factor weighs in favor of setting aside the default.

Finally, with respect to the fifth and sixth factors, there is no history of dilatory action by Defendants, and there are less drastic sanctions available to remedy Defendants' tardiness, including <u>a caution to counsel that this Court's deadlines must be appropriately calendared in this and future cases</u>. Therefore, these factors also weigh in favor of setting aside the entry of default.

Because the relevant factors weigh in favor of setting aside the default and good cause to do so has been shown, this Court will recommend that Defendants' Motion to Set Aside Default be granted and that Plaintiff's Motion for Default Judgment be denied.

Finally, the Court notes that all Defendants have now answered and this case is ready to proceed to discovery. The Court will therefore set this case on a Standard Discovery Track, with a deadline for the close of all discovery of September 1, 2022.

IT IS THEREFORE ORDERED that this case is placed on a Standard Discovery Track, will a deadline of September 1, 2022 for the completion of all discovery.

IT IS RECOMMENDED that Defendants' Motion to Set Aside Entry of Default [Doc. #45] be GRANTED and that Plaintiff's Motion for Default Judgment [Doc. #47] be DENIED.

This, the 21st day of April, 2022.

/s/ Joi Elizabeth Peake<br>
United States Magistrate Judge